UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARIO SALVATIERRA SAHONERO,<br><br>Defendant. | Criminal No. 05-320 |

**DETENTION MEMORANDUM**

The Defendant, Mario Salvatierra Sahonero, has been charged by indictment with

1) unlawful, knowing, and intentional possession with intent to distribute marijuana, a Schedule I controlled substances, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D),

2) unlawfully, knowingly and intentionally assaulting, resisting or impeding an officer in violation of 18 U.S.C. § 111(a)(1) & (b),

3) unlawfully and knowingly using, brandishing and carrying, during and in relation to, and possessing in furtherance of, a drug trafficking offense, a firearm, that is, a Raven .25 caliber semi-automatic pistol in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and

4) unlawfully and knowingly using, and carrying, during and in relation to, and possessing in furtherance of, a drug trafficking offense, a firearm, that is, a High Point 9-millimeter handgun and a David Industries 9-millimeter handgun in violation of 18 U.S.C. § 924(c)(1).

The government requested a detention hearing which was held on August 25, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## Findings of Fact

At the detention hearing, the government proceeded by proffer. According to the government, on Thursday, July 28, 2005, at about 8:30 a.m., sworn officers of the Metropolitan Police Department and the U.S. Drug Enforcement Agency (DEA) executed a warrant at 772 Harvard Street, N.W., Washington, D.C. One of the officers, Allee Ramadhan, now serves as a DEA task force officer and is deputized to act as a federal law enforcement officer.

When Officer Ramadhan entered the building's basement, the Defendant came towards him brandishing a gun. Officer Ramadhan ordered the Defendant to drop the weapon. The Defendant refused to drop the gun and Officer Ramadhan shot and wounded the Defendant. The police arrested the Defendant, and he was treated and taken to a hospital. The gun that Defendant had pointed at Officer Ramadhan, a Raven .25 caliber pistol, was loaded with five bullets in the magazine and one in the chamber.

The police also recovered several guns from the building, including a loaded Davis Industries 9 mm handgun and a loaded High Point 9 mm semi-automatic pistol. Police also recovered approximately five pounds of marijuana, a money counter, a digital scale, several pieces of mail in Defendant's name, and nearly $6700 in U.S. currency.

**Discussion**

When, as here, a grand jury has found probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial. In addition, under 18 U.S.C. § 1342(e), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where the court finds probable cause to believe the defendant committed an offense in violation of 18 U.S.C. § 924(c). Consequently, two rebuttable presumptions arise in support of the Defendant's pretrial detention.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the

nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant was arrested after assaulting a police officer with a loaded semi-automatic weapon. He was arrested in an apartment where police found several additional loaded guns and he is also charged with distribution of a significant quantity of marijuana.

The second factor, the weight of the evidence, also favors detention, as the police have the testimony of the officer whom Defendant assaulted.

The third factor, the history and characteristics of the Defendant, does not support pretrial detention. The Defendant has ties to the community, having lived in the D.C. area for twenty years. The pre-trial services report indicates that Defendant is employed full time in Alexandria and has no prior convictions.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, however, favors detention. The Defendant is charged with, among other things, assaulting a police officer with a loaded weapon. If Defendant is not willing to heed an armed law enforcement officer when ordered to drop his weapon, the community cannot be expected to fare much better. In this case, the nature of the charge outweighs Defendant's clean record.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that

no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: August _26th_, 2005                    ____/s/_____
                                                        ALAN KAY
                                                        UNITED STATES MAGISTRATE JUDGE