UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Case No: 05-0320 (RWR) |
| MARIO SALVATIERRA-SAHONERO, : | |
| Defendant. : | |

## MOTION FOR DISCOVERY AND PRODUCTION OF DOCUMENTS

COMES NOW THE DEFENDANT, MARIO SAHONERO pursuant to *Fed.R.Crim.P. 12(d)2* and *16*, through his court appointed attorney, Anthony D. Martin, and requests an order requiring the United States Attorney to provide discovery for reasons set forth below.

### *Background*

Mr. Burwell is charged in multiple count indictment with various offenses including Conspiracy to Participate in a Racketeer Influenced Corrupt Organization (hereinafter RICO) in violation of 18 USC §1963(d); Conspiracy to Commit Armed Bank Robbery in violation of 18 USC §371. Count One of the Indictment is the RICO count. Count Two is the Conspiracy to Commit Bank Robbery. Although the government has provided considerable discovery to date, Mr. BURWELL seeks to preserve all issues and statutory rights to discovery by filing the instant motion.

### Witnesses

1. Disclose the name and address of each person whom the Government intends to call as a witness at a hearing or trial to prove its case in chief.

2. Furnish the Defendant's counsel with copies of any and all written memoranda, which any of the Government's witnesses will take with them to the witness stand or refer to while testifying during the Government's case in chief.

3. Identify, giving home and business addresses and telephone numbers, those persons testifying before the Grand Jury in this case.

### Statements of the Defendant

4. Furnish a copy of each written or recorded Statements made by the Defendant to a Government agent which the Government intends to use a at a hearing or trial.

5. Furnish the substance of each oral Statements made by the Defendant to a Government agent, which the Government intends to use at a hearing or trial.

### Reports of Experts

6. Produce and permit the Defendant to inspect and copy all written reports or Statements made in connection with the Defendant's case by each expert consulted by the Government, including the results of any physical or mental examination, scientific test, experiment or comparison.

7. Furnish the substance of any oral report and conclusion made in connection with the Defendant's case by each expert consulted by the Government, including the results of any physical or mental examination, scientific test, experiment or comparison.

### Evidence for Trial Use

8. Produce and permit the Defendant to inspect and copy any books, papers, documents, recordings or photographs which the Government intends to use at a hearing or trial.

9. Permit the Defendant to inspect any photographs which police or prosecuting authorities may have exhibited to any witness for purposes of identification of the Defendant, and any other photographs which the Government intends to use in the trial of the Defendant, and the presentation of its case in chief, and to furnish the Defendant with copies of said photographs, the names and addresses of witnesses who viewed said photographs and the results of each viewing of said photographs.

10. Produce and permit the Defendant to inspect and photograph any tangible objects, which the Government intends to use at a hearing or trial.

11. Produce and permit the Defendant to inspect and copy any photographs taken of the Defendant on the day of his arrest.

### Defendant's Property

12. Produce and permit the Defendant to inspect, copy and photograph any item obtained from or belonging to the Defendant whether or not the Government intends to use the item at a hearing or trial.

### Law Enforcement Officers

13. Identify (and include duty stations) the members of any police department, federal agency or other United State's Attorney's Office who participated in the investigation, pursuit, arrest or interrogation of the Defendant or co-defendant's in this case.

### Chain of Custody

14. Permit the Defendant to inspect any law enforcement report containing the chain of custody of the person of the Defendant, or his property, beginning with the time of Defendant's arrest and continuing throughout the time that the Defendant was in the custody of any police or prosecuting authorities.

15. Furnish to Defendant, in the event that law enforcement authorities have not prepared the type of report relating to custody of the Defendant or his property, referred to in paragraph 23, the names and addresses of all persons who had custody or control of the Defendant or who participated in the custody or control of the Defendant beginning with the arrest of the Defendant and continuing throughout the time that the Defendant was in custody of any police or prosecuting authorities.

### Official Reports

16. Furnish copies of any and all Statement or reports of prosecution witnesses, which have been, reduce to writing.

17. Furnish photostat copies of all crime laboratory reports pertaining to this case.

18. Furnish copies of all offense reports or other official police reports pertaining to these offenses.

19. Supply copies of any and all medical reports that the Government has or wishes to introduce into evidence with respect to this case.

20. Allow the Defendant to see, inspect, and view any photographs, film, slides, or moving pictures containing relevant evidence in this case, which the Government has in its possession or intends to use in the preparation for trial and/or trial in this case.

21. Produce and permit Defendant to inspect and copy any warrants, affidavits, inventories

and other related papers involved in these proceedings.

22. Furnish the Defendant a list of all Government witnesses who have criminal records, as well as any alleged victim, giving dates, and places of each conviction, the nature of the offense and the disposition of sentencing.

### Prior Record/Other Acts of Government Witnesses

23. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. *See,* F.R.E. Rule 608(b) and *Brady.*

24. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in an conviction. *See,* F.R.E. Rule 608(b) and *Brady.*

### Prior Record/Other Act Evidence

25. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim.P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. This request also includes Mr. BURWELL's "rap" sheet and/or NCIC computer check on Mr. BURWELL.

### Seized Evidence

26. All evidence seized as a result of any search, either warrant less or with a warrant, in this case available under Fed. R. Crim. P. 16(a)(1)(C).

### Bias of Government Witnesses

27. Any evidence that any prospective government witness is biased or prejudiced against Mr. BURWELL or has a motive to falsify or distort his/her testimony. *See, Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 861 F.2d 1197 (9th Cir. 1988)

### Investigation of Witnesses

28. Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. *United States v. Chitty*, 760 F.2d 425 (2nd Cir. 1985) 474 U.S. 95 (1985).

### Evidence Regarding Ability to Testify

29. Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224, 224 (4th Cir. 1980); *United States v. Butler*, 567 F.2d 886 (9th Cir. 1978).

### Personnel Files

30. It is requested that the government review each agent's or police officer's personnel file for review for information requested in paragraphs 27-29 above and determine whether there is any impeaching information contained in the files. *See, United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

### Favorable Testimony

31. The name of any witness who made an arguably favorable statement concerning Mr. BURWELL or who could not identify him or who was unsure of his identity or participation in the

crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 4.2d 213, 223 (4th Cir. 1980); *James v. Jag*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1975).

### Specific Inquiries of Agents

32. It is requested that the government make specific inquiry of each government agent or police officer connected to the case for the information request in paragraphs 2-4 and 31. *United States v. Jackson*, 780 F.2d 1305 (6th Cir. 1986); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978).

### Rule 26.3 Material/Timing of Production

33. It is requested that the government provide all material available pursuant to Fed. R. Crim. P. 26.2, sufficiently in advance of trial or motion hearings as to avoid unnecessary delay prior to cross examination.

### Minutes of Grand Jury Proceedings and Related Documents

34. Production of the minutes of the grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 with regard to attendance and the number of grand jurors voting on this indictment. *See*, Rule 6(b)-(d). In addition, the Defendant seeks all Grand Jury Subpoenas or other documents referenced by witnesses who appeared before the Grand Jury.

### Grand Jury Transcripts

35. All grand jury transcripts are requested in accordance with Rule 6.

**Statement by Government of Refusal to Provide**

36. If the government has any of the above-requested items or the items required by the rules, law, or court order, but refuses to provide them to the defense, Mr. BURWELL requests a statement as to the existence of the items and the refusal to provide them.

**REQUEST FOR HEARING**

The Defendant respectfully requests a hearing on the motion for discovery.

Respectfully submitted,

By: _____
ANTHONY D. MARTIN, 362-537
*BELLE POINT OFFICE PARK*
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700; (301) 220-0791 (fax)

Attorney for Mario Sahonero