**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Case No:** 05-0320 (RWR) |
| : | |
| MARIO SALVATIERRA-SAHONERO, : | |
| : | |
| Defendant. : | |
| : | |

**MOTION FOR BILL OF PARTICULARS**

Comes now MARIO SAHONERO and moves for an order directing the government to provide a Bill of Particulars under *Fed. R. Crim. P. 7(f)* for the reasons more fully set forth below.

*Background*

MARIO SAHONERO was charged in a superseding indictment with various counts relating to drug distribution (marijuana) in violation of 21 USC § 841. He is also charged with the use, carrying and possessing of a handgun in connection with a drug trafficking offense, in violation of 18 USC §924 (c)(1)(A)(ii) . Mr. Sahonero was shot in his own bedroom, without good cause by Allee Ramadahan. Said shooting was in violation of his civil rights; as more specifically enumerated at 42 USC §1983 as well as established police procedure. In an effort to protect Allee Ramadhan's job and avoid a potential civil suit, Mr. SAHONERO was subsequently arrested and charged in a criminal complaint with assaulting the aforementioned aggressor; who is employed with the Metropolitan Police Department.

Several people aside from Mr. Sahonero resided at 772 Harvard Street, NW. None of the baggies containing marijuana found in the common areas of the home have Mr. Sahonero's fingerprints on them. Moreover, there were no quantities of marijuana found on or about Mr. Sahonero's person that would indicate possession with an intent to distribute. Hence, Mr. Sahonero is bewildered regarding the charges surrounding his alleged involvement in the sale of marijuana and seeks an explanation as to the basis for the government's charges.

*Argument*

A review of the indictment and the evidence to date shows that there isn't even a general indication regarding the means and manner in which the defendant allegedly engaged in marijuana sales. A Bill of Particulars should be ordered where it will avoid or minimize surprise at trial and permit the preparation of an adequate defense. *United States v. Dicesare,* 756 F.2d 890, 897 (9th Cir. 1985). (Bill of Particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense). Whether to grant a Bill of Particulars is a matter within the sound discretion of the trial court. *Will v. United States,* 88 S.Ct. 1194 (1963). The test in ruling on such a motion is whether deprivation of the information sought will render the defendant unable to adequately prepare a defense, avoid surprise, or avoid later risking double jeopardy. *United States v. Addonizio,* 451 F.2d 49, 63-63 (3d Cir. 1971).

A defendant should not be deprived of information to prepare a defense simply because the information sought might be used by the government as evidence. *United States v. Crisona,* 416 F.2d 107 (SDNY 1967). Moreover, a Bill of Particulars cannot be denied on the theory that a defendant "knows what she did." It has been said that such a

ruling makes a mockery of the presumption of innocence by assuming that the defendant knew what her own "guilty" acts were. Because a Bill of Particulars is founded on the Sixth Amendment right to defend, doubt must be resolved in favor of disclosure. Otherwise, prejudice would result. Prejudice in this context is defined in terms of the impairment of the defendant to intelligently and effectively mount a defense. *See, e.g., Unitred Staes v. Valenzuela-Bernal,* 102 S.Ct. 3440 (1982).

## POINTS AND AUTHORITIES

1. *Will v. United States,* 88 S.Ct 1194 (1963)
2. Fed. R. Crim. P. 7(f)
3. Indictment and Superseding Indictment

        Respectfully submitted,
        ANTHONY D. MARTIN

By: _____
      Anthony D. Martin, 362-537
      7841 Belle Point Drive
      Greenbelt, MD 20770
      (301) 220-3700; 301 220-0791(fax)

      *Attorney for MARIO SAHONERO*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the foregoing **MOTION FOR BILL OF PARTICULARS** was, sent by facsimile and/or postage pre-paid to the following addresses:

> Anthony Scarpelli, Esquire
> United States Attorney's Office
> 555 4th Street, NW
> Washington, DC  20530

on Wednesday, October 26, 2005.

_____

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Case No:** 05-0320 (RWR) |
| : | |
| : | |
| MARIO SALVATIERRA-SAHONERO, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

This matter is before the court because of a filing of a request for a BILL OF PARTICULARS.  It appearing to the court that good cause has been shown for the relief requested.

IT IS ORDERED this _____ day of _____ 2005, that the government will disclose the details of the charges necessary to prepare a meaningful defense as contemplated under the Sixth Amendment.

J   U   D   G   E

Anthony Scarpelli, Esquire
United States Attorney's Office
555 4th Street, NW
Washington, DC  20530


Anthony D. Martin, Esquire
BELLE POINT OFFICE PARK
7841 Belle Point Drive
Greenbelt, MD 20770