**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No: 05-0320 (RWR) |
| MARIO SALVATIERRA-SAHONERO, | : |
| Defendant. | : |

**MOTION FOR REVIEW OF PRE-TRIAL DETENTION**
**AND RELEASE TO THIRD PARTY CUSTODY**

MARIO SAHONERO, through his court-appointed attorney, Anthony D. Martin, moves for a review of his pre-trial detention status and release to third party custody for the reasons set forth below.

*Background*

MARIO SAHONERO was charged in a superseding indictment with various counts relating to drug distribution (marijuana) in violation of 21 USC § 841. He is also charged with the use, carrying and possessing of a handgun in connection with a drug trafficking offense, in violation of 18 USC §924 (c)(1)(A)(ii). Mr. Sahonero was shot in his own bedroom, without good cause by Allee Ramadahan. Said shooting was in violation of his civil rights; as more specifically enumerated at 42 USC §1983 as well as established police procedure. In an effort to protect Allee Ramadhan's job and avoid a potential civil suit, Mr. SAHONERO was subsequently arrested and charged in a criminal complaint with assaulting the aforementioned aggressor; who is employed with the Metropolitan Police Department.

The indictment with the drug charges followed the criminal complaint several weeks later. Mr. Sahonero is currently being held and treated for injuries related to the wanton and malicious shooting, at the Correctional Treatment Facility. He is permanently disfigured and carries one of the several bullets fired at him in his abdomen.

*Argument*

## I.
## MARIO SAHONERO POSES NO THREAT OR DANGER TO THE COMMUNITY IN GENERAL OR POTENTIAL WITNESSES IN PARTICULAR.
### A. The Indictment Alone Is Not Enough To Trigger the Rebuttable Presumption Against Pre-Trial Release.

Undoubtedly, the thrust of the Government's argument during the detention hearing is Mr. SAHONERO's presumed danger to the community based on his alleged involvement in the sale of marijuana. However, Mr. Sahonero has no record for any crimes or even acts of violence. Moreover, to the extent that marijuana was found on or near his person, it should be noted that the quantity in question was not enough to establish intent to distribute. Indeed, any substantial quantities of marijuana found in the house did not belong to Mr. Sahonero. His prints are not on any of the baggies that the government would have the court believe belong to him.

What's more, assuming unlawful sales were taking place at the house that Mr. Sahonero shared with others, it should be known that at least one of those tenants arrested with Mr. Sahonero, received a suspended sentence of nine months and probation before judgment. Clearly Mr. Sahonero poses less of a threat than one of his presumed cohorts, who is now free and under the supervision of the court.

Although it is not clear to counsel whether the Federal Magistrate Judge made a decision regarding pre-trial detention, it is irrelevant with respect to this court's power to review such a determination. It is universally agreed that a District Court Judge should reach its own

2

independent conclusions and review when necessary a Magistrate Judge's findings. (*See, e.g., United States v. Leon,* 766 F.2d 77 (2nd Cir. 1985); *United States v. Delker,* 757 F.2d 1390 (3rd Cir. 1985); *United States v. Fortna,* 769 F.2d 243 (5th Cir. 1985); *United States v. Daniel,* 772 F.2d 382 (7th Cir. 1985) and *United States v. Hurtado,* 779 F.2d 1467 (11th Cir. 1985). In this instance, the court should hear as much of the evidence to support a finding of dangerousness, before blindly accepting the proffer of government trial counsel.

**B.  There is No Evidence to Suggest that MARIO SAHONERO is Likely to Tamper With or Try to Influence Witnesses.**

The government has presented no evidence in any of its submissions, that MARIO SAHONERO presents a risk to any potential witnesses in the case now pending.

**II.**
**THE UNITED STATES CANNOT PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT IS A FLIGHT RISK.**

A. **There Is No Evidence Presented to Support the Argument That MARIO SAHONERO is a Flight Risk.**

Pursuant to 18 U.S.C. § 3142 (c), in determining the issue of bail, a judicial officer may only impose conditions which reasonably assure the appearance of a defendant. Because there is a statutory presumption favoring release of the defendant on his own personal recognizance or upon the execution of an unsecured appearance bond, the Government must prove, by a preponderance of the evidence, that the defendant presents a risk of flight. *See* 18 U.S.C. § 3142(b); *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988) (stating government's burden of proof in risk of flight cases is preponderance of the evidence standard); *United States v. Berrios-Berrios*, 791 F.2d 246, 250, (2d Cir. 1986) (Bail Reform Act recognizes "traditional presumption favoring pretrial release for

most defendants); *see also United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (finding Bail Reform Act's silence as to appropriate evidentiary standard in risk of flight causes indicates preponderance of the evidence standard).  Because the defendant has been charged with a crime enumerated in 18 U.S.C. § 3142(f)(1), the presumption that he is a flight risk does not arise and the Government must, therefore, prove that he does pose a risk of flight.  *See, United States v. Friedman*, supra, 837 F.2d at 49.

Any claim that Mr. SAHONERO presents a flight risk is belied by the fact that 1) his entire known family lives in the Washington Metropolitan Area; 2) he has a long social and historical connection to the Washington Metropolitan Area; and 3) no passport.  In short, his entire support network and livelihood are located within the immediate geographic area.  He has nowhere else to go.

### *Conclusion*

The indictment and unverified proffers of government trial counsel should not be enough to trigger the rebuttable presumption against pre-trial release.  The statute requires that the facts that the Magistrate Judge uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence.  *See,* 18 USC §3142(f); *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991).  That clearly has not happened in this case.  There is not a scintilla of evidence that Mr. SAHONERO poses a risk to any witnesses or is likely to engage in drug trafficking if allowed to stay at a halfway house.

WHEREFORE, Defendant respectfully requests the following relief:

1. That a *de novo* review of the Defendant's pre-trial status be ordered; and

2. That he be released to a third party custodian pending trial.

                                                   Respectfully submitted,
                                                   ANTHONY D. MARTIN

By: _____
     ANTHONY D. MARTIN
     7841 Belle Point Drive
     Greenbelt, MD 20770
     (301) 220-3700; (301) 220-0791 (fax)

     Attorney for MARIO. SAHONERO

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that a copy of the foregoing MOTION FOR REVIEW OF PRE-TRIAL DETENTION AND RELEASE TO THIRD PARTY CUSTODY was mailed postage pre-paid to the following:

Michael D. Montemarano, Esq
5695 Main Street, Ste 201
Elkridge, MD 21075-5016

Bonnie Greenberg, Esq
US Attorney's Office
6500 Cherrywood Lane, Ste 400
Greenbelt, MD 20770

Deborah A. Johnston, Esq
US Attorney's Office
6500 Cherrywood Lane, Ste 400
Greenbelt, MD 20770


Tuesday, July 06, 2004

                                      Anthony D. Martin, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Case No:** 05-0320 (RWR) |
| : | |
| : | |
| MARIO SALVATIERRA-SAHONERO, : | |
| : | |
| Defendant. : | |
| : | |

**PROPOSED ORDER FOR CONDITIONS OF RELEASE**

It is hereby ordered that upon his release from detention and the custody of the United States Marshal's Service pending trial, the defendant will abide by the following terms and conditions as are imposed by the Court:

    1. That the defendant be restricted 24 hours a day to _____ _____. Said restriction to be a house arrest subject to any travel directly to and from scheduled court appearances at the United States District Court or to his place of employment.

    2. That the defendant call Pretrial Services on a daily basis, or any other time as ordered by the Court;

    3. That the defendant will consent to searches of his premises and person and that the defendant's mother will consent to searches of the premises without warrant and without limitation by any authorized federal agents at any time day or night, this condition being an express waiver of any privacy right he or she may otherwise at law possess;

7

4. That he not possess any firearms, ammunition, destructive devices, other dangerous weapons as defined by law, radio scanner equipment and other counter surveillance equipment;

5. That the defendant is not to personally meet or have other contact with any co-defendant or any known convicted felon, nor with any of the below-listed individuals

*[list names]*

6. That the defendant abide by all other conditions of release as set by the Court or Pre-trial Services, and;

7. That the defendant agree to abide by any other conditions the Court sees fit to impose whether under 18 U.S.C.A. § 3142(c) or otherwise.


DATED:_____

 

_____
United States District Court Judge