UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.  05-320 (RWR) |
| | : | |
| **MARIO SALVATIERRA-SAHONERO,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this omnibus response to defendant's: (1) Motion For Review of Pre-Trial Detention and Release to Third Party, (2) Motion to Preserve Notes, Reports and Evidence, (3) Motion for Bill of Particulars, (4) Motion for Equal Access to Evidence, (5) Motion for Discovery and Production of Documents, and (6) Motion for Notice of Intent to Introduce Uncharged Misconduct and Prior Convictions.  In support of this response the government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

## BACKGROUND

The defendant has been charged in a four-count superseding indictment with Assaulting, Resisting, or Impeding Certain Officers or Employees, Unlawful Possession with Intent to Distribute Cannabis, and two counts of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense.  In July of 2005, Metropolitan Police Department (MPD) officers developed credible information that illegal narcotics, specifically marijuana, were being sold from 722 Harvard Street, N.W., Washington, D.C.  A few days before July 27, 2005, MPD officers utilized a confidential informant ("CI") in an effort to purchase drugs from inside 722 Harvard Street, N.W.  The CI went to the front door of the residence, knocked on the door, and spoke to an occupant of the residence

about purchasing marijuana. The CI gave the individual pre-recorded funds for the drug purchase. The individual told the CI he had to go to the basement to get the marijuana. The individual then exited the front door to the residence, and entered the basement area of the residence through a door below the first floor stairs. The individual returned a short time later with a quantity of marijuana, which he provided to the CI.

On July 27, 2005, MPD officers prepared an affidavit in support of search warrant for 772 Harvard Street, N.W., including the basement area. On that same day a District of Columbia Superior Court judge approved the issuance of a search warrant for 722 Harvard Street, N.W., including the basement area.

On July 28, 2005, MPD officers and Drug Enforcement Administration (DEA) agents prepared to execute the search warrant at 722 Harvard Street, N.W. At approximately 8:30 a.m., law enforcement officers were positioned at the rear of 722 Harvard Street, N.W., at the first-floor entrance of the residence, and at the basement door entrance. Officers knocked on the doors, identified themselves as police officers, and announced that they had a search warrant. There was no response. Officers waited approximately twenty seconds, and then forced open the first-floor door. Officers attempting to open the basement door were unable to immediately open the that door. Once the first-floor door was open, a pit bull dog charged the entry team, and one of the DEA agents shot and killed the dog. The bullet entered and exited the dog, went through the first floor, and ultimately was located in the basement area. Officers entered the first floor and detained two individuals.

Another group of officers entered the basement and announced that they were police officers. The officers were attired in clothing with the word "police" prominently displayed, and with their

police badges visible. As officers entered the basement area, the defendant was observed running from the kitchen area, into the back bedroom of the basement. Officers ordered the defendant to come from the back bedroom area of the basement. After several seconds the defendant walked out of the back bedroom, armed with a Raven .25 caliber semi-automatic handgun, loaded with eight rounds of ammunition. MPD Detective Allee Ramadhan, who was wearing an MPD windbreaker with the word "police" written on it, ordered the defendant to drop the weapon. The defendant refused to drop the weapon. Detective Ramadhan again ordered the defendant to drop the weapon. This time not only did the defendant not drop the weapon, he raised it towards Detective Ramadhan. Detective Ramadhan fired his service weapon at the defendant, striking him once in the lower abdomen. The defendant subsequently was taken to Washington Hospital's Medstar Unit, where he was treated. Recovered from the basement of 722 Harvard Street, N.W. were the following items: a Raven .25 caliber semi-automatic handgun located in the hall of the basement; a Hi-Point 9 millimeter handgun recovered from inside a safe in the basement kitchen; a Davis Industries 9 millimeter handgun recovered from inside the night stand in the bedroom the defendant was observed exiting; approximately 1628 grams of marijuana in 116 bags (most of the marijuana was found in the basement area); and $6,680.00 in U.S. Currency, a money counter, two scales, and several documents containing the defendant's name on them.

**A.**    **Government's Opposition to Defendant's Motion to Modify Bond Conditions**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., states that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community

alone is a sufficient basis to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987). In addition, 18 U.S.C. § 3142(e) establishes that in a case where the defendant has committed a crime of violence or a drug offense where a maximum term of imprisonment of ten years or more is prescribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The judicial officer shall take into account the following before ordering detention: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S. C. § 3142(g).

In this case, the defendant has been indicted by a grand jury with Assaulting, Resisting, or Impeding Certain Officers or Employees, Unlawful Possession with Intent to Distribute Cannabis, and two counts of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense. The Honorable Magistrate Judge Alan Kay conducted a detention hearing on August 25, 2005. At that time the defendant had already been indicted. The government proffered evidence to establish the charges, and the defendant produced no evidence. The Court concluded that the defendant posed a danger to the community. The Court correctly concluded that Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense was a detainable offense, and that the rebuttable presumption applied because the maximum term for the crime is life imprisonment. (Although 18 U.S.C. § 924(c)(1)(A)(ii) provides a mandatory minimum of seven years of imprisonment, the statute does not provide a maximum term of imprisonment. Courts have held that when a statute provides a mandatory-minimum sentence but does not provide a maximum term, the maximum term shall be

deemed to be life imprisonment.  See United States v. Sias, 227 F.3d 244, 246 (5th Cir 2000) (Congress has implicitly authorized district courts to impose sentences under § 924(c)(1)(A)(ii) in excess of seven years and up to a maximum term of life); United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993) (every circuit court of appeals has addressed this issue and concluded that the maximum sentence authorized under § 924(c) is life imprisonment).)

Assaulting, Resisting, or impeding Certain Officers or Employees is also a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4).  Therefore, there is a second offense that the defendant was indicted for which permits the court to conclude that a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

In his motion the defendant contends that "[t]he indictment and unverified proffer of government trial counsel should not be enough to trigger the rebuttable presumption against pre-trial release." (Defense Motion for Review of Pre-Trial Detention and Release to Third Party at 4).  This defense contention is meritless.  In United States v. Hurtado, 779 F.2d 1467, 1479 (11 Cir. 1985), the court concluded "that an indictment is sufficient to demonstrate probable cause, creating a rebuttal presumption."  Moreover, it is wrong for the defendant to refer to the government's evidence as "unverified".  In the instant case witnesses testified, under oath, before a grand jury, which concluded that the evidence presented was credible and met the probable cause standard.

Magistrate Judge Kay had all the facts presented before him, he examined them fully, gave the defendant an opportunity to present evidence to rebut the applicable presumption of detention (the defendant did not present any evidence), and concluded that the defendant should be detained. Since the time the Court ruled that the defendant should be detained, nothing has occurred which

warrants a modification of the defendant's pre-trial bond status. The defendant has not presented any facts or circumstances as to why the magistrate judge incorrectly concluded that the defendant should be detained pending trial.

Accordingly, the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, and the nature and seriousness of the danger the defendant poses warrant his detention. The defendant was operating a drug den at 722 Harvard Street, N.W. When police knocked and announced their presence, the defendant ran into his back bedroom and armed himself with a loaded firearm. After police officers identified themselves as the police, an assertion corroborated by their attire and display of badges, the defendant refused to discard a loaded firearm. In fact, despite being commanded to drop the firearm, the defendant raised the gun toward one of the officers, compelling the officer to shoot the defendant. A subsequent search of the defendant's living quarters turned up three firearms, approximately five pounds of marijuana, almost $6,700 in U.S. Currency, two scales, and a money counter.

Based upon the foregoing, the government respectfully requests that the Court deny the defendant's Motion for Review of Pre-Trial Detention and Release to Third Party.

**B.** **Government's Response to Defendant's Motion to Preserve Notes, Reports and Evidence**

The government has custody of all relevant documents and evidence it is aware of that pertain to this case, and will preserve those items pending trial.

**C.** **Government's Opposition to Defendant's Motion for Bill of Particulars**

The defendant is charged in a four-count indictment. The criminal acts occurred on July 28, 2005, at approximately 8:30 a.m. Pursuant to the discovery process to date, the defendant has been

provided with approximately 117 pages of documents, including photographs, a tape of the defendant's statement, a transcript of the defendant's statement, an audio tape of the radio runs in this case, and a video-taped examination of the crime scene. Moreover, of the tangible evidence seized in this case has been made available to the defense. Additionally, the government has provided a detailed factual summary in this pleading, and has provided a seizure list of all the evidence recovered in this case.

Despite the detailed indictment and disclosures described above, the defendant requests a bill of particulars. The defendant's request should be denied. There is little, if any, additional pertinent information the government can provide to the defendant. The defendant essentially wants this Court to order the government to detail its theory of prosecution and its evidentiary presentations, in the hopes of limiting the prosecution's case-in-chief at trial. That is plainly not the purpose of a bill of particulars, and this Court should deny the defendant's motion. See Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968) ( "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial."); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir.) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"), cert. denied, 498 U.S. 906 (1990); United States v. Armocida, 515 F.2d 49, 54 (3rd Cir.) (bill of particulars is not intended as a vehicle for "whole sale discovery of the Government's evidence"), cert. denied, 423 U.S. 858 (1975).

Under the clearly-established law of this Circuit, a motion for a bill of particulars raises a single issue: can the defendant understand the charges and adequately prepare a defense? United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Given the detailed indictment, the extensive information already provided to defendant in discovery, and the factual proffer contained in this

pleading, the defendant clearly has ample notice of the charges against him. See, e.g., Butler 822 F.2d at 1193 (where the indictment is sufficiently specific or if the requested information is available in some other form, a bill of particulars is not required); United States v. Glecier, 923 F.2d 496, 502 (7th Cir.) (demand for a bill of particulars was denied where indictment and government's pretrial disclosures provided defendants with sufficient information concerning the charges against them), cert. denied, 502 U.S. 810 (1991); United States v. Marrero, 904 F.2d 251, 258 (5th Cir.) ("when the information requested is provided in some other form, no bill of particulars is required"), cert. denied, 498 U.S. 1000 (1990); `United States v. Cisneros, 26 F. Supp. 2d 24, 55-56 (D.D.C. 1998) ("Where a defendant has enough information to understand the charges alleged in the indictment against him and to conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars.").

**D.    Government's Response to Defendant's Motion for Equal Access to Evidence**

The government has preserved all relevant evidence in its custody, and will make it available for viewing by defense counsel.

**E.    Government's Opposition to defendant's Motion for Discovery and Production of Documents**

The government has provided the defendant, pursuant to Rule 16, with all discoverable materials in its possession. The defendant's discovery motion requests the names and address of each governments witness. However, the government is not required, prior to trial, to provide a defendant with the names and addresses of witnesses it may call at trial. See, e.g., United States v. Gasparik, 141 F. Supp. 2d 361 366 n.2 (D.N.Y. 2001) ("The prosecution is under no obligation to give the defendant advance warning of the witnesses who would testify against him."). The

government will provide the defendant with a witness list prior to trial. In any event, most of the government's witnesses, who are law enforcement officers, are identified in the police reports.

The defendant also requests that the government provide him with a copy of the statements he gave to law enforcement. On October 6, 2005, the government provided the defendant with a copy of his taped statement, and on October 31, 2005, the government provided the defendant with a transcript of that statement.

The government has provided the defendant with notices as to the potential experts witnesses it may call and a summary of their testimony. Specifically, the government has informed the defense that it may call Diane D. Glover, an employee with the MPD, as a fingerprint expert; Chris J. Rickard, an employee with the DEA Mid-Atlantic Laboratory, as an expert in analyzing and identifying controlled substances; and MPD Sergeant John Brennan or MPD Detective Anthony Washington, or another qualified witness, as an expert in the field of narcotics. The government may also call either Special Agent Jeff McLoughon or Special Agent Matthew Collins, with the Bureau of Alcohol, Tobacco, Firearms and Explosives, as an expert in the area of firearms and ammunition identification and trafficking. An outline of each proposed expert's testimony was outlined in the government's discovery letter dated August 31, 2005.

As mentioned, the government will permit defense counsel to inspect all of the relevant evidence the government has in this case. The government has previously provided the defendant with all of the photographs of the crime scene and a video tape of the crime scene shortly after the crime.

F.  **Government's Response to Defendant's Motion for Notice of Intent to Introduce Uncharged Misconduct and Prior Convictions**

At the present time the government does not intend to introduce evidence of defendant's past criminal behavior. If the government becomes aware of evidence that may be admissible pursuant to Rule 404(b), it will promptly notify defense counsel.

WHEREFORE, for the foregoing reasons, the government respectfully requests that the Court summarily deny the defendant's pre-trial (1) Motion for Review of Pre-Trial Detention and Release to Third Party, (2) Motion for Bill of Particulars, and (3) Motion for Discovery and Production of Documents.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058

By: _____

Anthony Scarpelli
Assistant United States Attorney
Bar No. 474711
555 4th Street, N.W. #4816
Washington, D.C. 20530
(202) 353-1679

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Anthony Martin, Esquire this 16th day of November, 2005.

_____
Anthony Scarpelli
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 05-320 (RWR)** |
| | : | |
| **MARIO SALVATIERRA-SAHONERO,** | : | |
| **Defendant.** | : | |

### ORDER

Upon due consideration of the defendant's Motion for Review of Pre-Trial Detention and Release to Third Party, Motion for Bill of Particulars, and Motion for Discovery and Production of Documents, and the Government's responsive pleadings thereto, and the record in this case, it is this

_____ day of _____, 2005, hereby

**ORDERED** that the defendant's motions are hereby **DENIED**.

_____
RICHARD W. ROBERTS
United States District Court Judge
for the District of Columbia

copies:

    Anthony Scarpelli
    Assistant U.S. Attorney
    555 Fourth Street, N.W., Room 4816
    Washington, D.C. 20530

    Anthony Martin, Esquire
    Belle Point Office Park
    7841 Belle Point Park Drive
    Green belt, Md. 20770