**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No:** 05-cr-0320 (RWR) |
| | : | |
| | : | |
| MARIO SALVATIERRA-SAHONERO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MOTION TO SUPPRESS AND OPPOSITION TO THE
GOVERNMENT'S MOTION TO ADMIT VIDEO AND PHOTOGRAPHIC IMAGES
CONTAINED ON A CELLULAR TELEPHONE**

MARIO SAHONERO, through his court-appointed attorney, Anthony D. Martin, opposes the governments request to have the jury consider photographs and video recordings contained on a cell phone taken from 772 Harvard Place for the reasons set forth below.

*Procedural Posture*

The Defendant's response to the government's motion is due on February 13th, 2006. There is no scheduling order or trial date at this time.

*Background*

MARIO SAHONERO was charged in a superseding indictment with various counts relating to drug distribution (marijuana) in violation of 21 USC § 841. He is also charged with the use, carrying and possession of a handgun in connection with a drug trafficking offense, in violation of 18 USC §924 (c)(1)(A)(ii); as well as assault on a police officer in violation of 18 USC 111(a)(1). During the motions' hearing held on January 30th, 2006, the government requested that the court permit the jury to consider two photos of a hand holding a weapon. The photos were found on the memory bank of a cellular camera phone.

The weapon which appears in the photo is alleged to be the same weapon found behind a bathroom door in the common area of the basement at 772 Harvard Street, NW in Washington DC on July 27th, 2005. No evidence was offered to substantiate the government's claim that the weapon in the photo is the same as the one allegedly used to assault officer Ali Rhamadhan.[1] Moreover, the hand holding the weapon has no identifiable characteristics such as tattoos, scars, birthmarks or other markings that would otherwise help identify the possessor. In addition to the two photos of *Cousin It,* there is a brief video recording of the defendant without a weapon. Additional information is contained on the memory bank that is not the subject of the government's filing. The government seeks to have these photos and the video admitted under a theory of *Res Gestae.* In the alternative they seek admissibility of the images pursuant to *Fed. R. Evid.* 404(b).

### Issues Presented

1.      Whether the photographs and video are so inextricably intertwined with one of the charges to be admissible under a theory of *Res Gestae.*

2.      Whether the photographs and video are admissible pursuant to Fed. R. Evid. 901(a).

3.      Whether the photographs and video are admissible pursuant to Fed. R. Evid. 404(b).

### Case Law

Under the theory of *Res Gestae* evidence of prior crimes can be admitted when the prior crime is so blended or connected with the ones on trial that proof of one incidentally involves others, explains circumstances thereof, or tends logically to prove any element of the

---

[1] Last week the government trial counsel indicated that the weapon in question was going to be sent to a forensic laboratory for DNA analysis.

crime charged, *United States v. Riebold*, 135 F.3d 1226 (8th Cir.1998)(prior convictions were for conduct very similar to fraudulent conduct in which defendant was charged and thus held admissible). It has been held that evidence of other crimes is admissible under a *Res Gestae* theory for the purpose of providing the context in which a crime occurred. *United States v. Moore,* 735 F.2d 289, 292 (8th Cir.1984). (when evidence of other crimes is 'so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s]; or explains the circumstances thereof; or tends logically to prove any element of the crime charged,' it is admissible as an integral part of the immediate context of the crime charged." *United States v. Bass,* 794 F.2d 1305, 1312 (8th Cir.) (quoting *United States v. Derring,* 592 F.2d 1003, 1007 (8th Cir.1979)), *cert. denied,* 479 U.S. 869, 107 S.Ct. 233, 93 L.Ed.2d 159 (1986).

While a few courts have embraced the idea of using *Res Gestae* as a basis for admitting evidence, other courts and commentators have disapproved of that term, calling it useless or unsatisfactory. *See, McCormick on Evidence § 190 (John William Strong ed., 4th ed. 1992).* As a result some courts have substituted phrases such as "same transaction evidence" or "'complete story' principle" for the term *Res Gestae* evidence. The Circuit Court for the District of Columbia had an opportunity to review a *Res Gestae* argument proffered by the government in *United States. v. Bowie*, 232 F.3d 923 (C.A.D.C.2000). As part of its discussion of the concept the court said the following:

The district court invoked the R*es Gestae* doctrine in finding the April 17 evidence inextricably intertwined with the charged crime. *See* 10/2/98 Tr. 98. To the extent this Latinism was meant to suggest that the April 17 evidence was outside Rule 404(b) because it "explained the events" or "completed the story," we do not agree. As we have said, all relevant prosecution evidence explains the crime or completes the story. The fact that omitting some evidence would render a story slightly less complete cannot justify circumventing Rule 404(b) altogether. Moreover, evidence necessary to complete a story-for instance by furnishing a motive or establishing identity-typically has a non-propensity purpose and is

admissible under Rule 404(b). We see no reason to relieve the government and the district court from the obligation of selecting from the myriad of non-propensity purposes available to complete most any story.

*Analysis and Argument*

## I.   The Government Has Failed to Link the Photographs or Video With Either the Defendant or the Charges so as to Make Them Admissible Under a Theory of *Res Gestae*

As previously noted, under the theory of "Res Gestae," evidence of prior crimes can be admitted when the prior crime is so blended or connected with the ones on trial that proof of one incidentally involves others, explains or tends logically to prove any element of the crime charged. *United States v. Riebold*, 135 F.3d 1226 (8th Cir.1998).  The problem with the government's reliance on *Res Gestae* in this case is its failure to connect the weapon with the charges or the defendant.

The Defendant has no prior history of violence against police or anyone else. He has no criminal history involving drug distribution or trafficking.  He has no prior history of weapons charges.  Moreover, the gun in question (both in the photo and behind the door) still has not been linked to the defendant as of this writing through anything other than conjecture. Hence, the arguable connection that existed in the *Riebold* case does not exist in this one.  As a result, the evidence should not be admitted under the *Res Gestae* theory.

## II.  The Government Has Failed to Satisfy the Requirements of Identification per Fed R. Evidence 901(a).

The burden of identification of an item is on the proponent of the evidence.  *Fed. R. Evid Practice Comment, ¶3.*  For the government to prevail on their request to have the images admitted into evidence it must do two things.  First, the government must show that the gun in question possesses unique features or characteristics so as to establish that the image is the weapon found behind the door.  Second, the government must then place the gun

4

in the hand of the Defendant. (See, generally, *United States v. Stearns*, 550 F.2d 1167, (9th Cir. 1977)(the contents of a photograph, together with other circumstantial or indirect evidence linking what the photo showed to the facts in the case, may serve to explain or authenticate the photo sufficiently to justify admission).

## III. The Photographs and Video Images are Not Admissible Pursuant to Fed. R. Evid. 404(b).

The evidentiary rule of admissibility, regarding uncharged misconduct is found at Federal Rule of Evidence 404(b) which states:

**(b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The government is quick to point out that Rule 404 is one of inclusion not exclusion. However, that does negate the fact that the court is still bound to make a Rule 403 determination. In this case, the government seeks to have the prejudicial effect outweighed by claiming that the admission of the evidence will show that the defendant knowingly and intentionally possessed the gun in question. However, absent some independent evidence linking the defendant to any of the several weapons found throughout 772 Harvard Street, NW would only serve to confuse the jury and unduly prejudice the accused.

### Conclusion

The failure of the government to link the defendant with the gun in question, coupled with its failure to link the weapon with any of the charges militates against admission.

*Prayer*

WHEREFORE, Defendant respectfully requests the following:

1.    That the government's motion be denied, and

2.    That the government be precluded from making any reference to the images during the

course of the trial through its witnesses or the government trial counsel.


Respectfully submitted,
ANTHONY D. MARTIN


By:    _____

ANTHONY D. MARTIN
BELLE PONT OFFICE PARK
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700; (301) 220-0791 (fax)

Attorney for Mario Sahonero

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the foregoing MOTION TO SUPPRESS AND OPPOSITION TO THE INTRODUCTION OF 404(b) EVIDENCE was served electronically to counsel for the government on this Monday, February 13, 2006.


_____
Anthony D. Martin, Esquire