U.S. Department of Justice

United States Attorney



*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

March 28, 2006

**FILED**
**APR 7 - 2006**
**NANCY MAYER-WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

**Facsimile (301) 220-0791**
Anthony Martin, Esquire
7841 Belle Point Drive,
Greenbbelt, MD 20770
admartinnn@starpower.net

Re: **United States v. Mario Salvitierra Sahonero**
Criminal Number: 05-320 (RWR)

Dear Mr. Martin:

This letter confirms the agreement between your client, **Mario Salvitierra Sahonero**, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. This matter is scheduled for a status hearing before the Honorable Richard W. Roberts, on Wednesday, March 29, 2006, at 4:00 p.m. The terms of the offer are as follows:

**Mario Salvitierra Sahonero's Obligations, Acknowledgments and Waivers:**

1. Your client, Mario Salvitierra Sahonero, agrees to admit guilt and enter a plea of guilty to Assaulting, Resisting, or Impeding Certain Officer or Employees which is Count One in the pending indictment, and an information charging him with Unlawfully Carrying a Pistol without a License, which is a violation of District of Columbia Code §§ 22-4504(a)(1), and 22-4515. Your client understands that pursuant to 18 U.S.C. Section 111 (b) the charge carries a penalty of not more than 20 years imprisonment, a period of supervised release of not more than three years and a fine in the amount of $250,000. With respect to the charge of unlawfully carrying a pistol without a license, which is a violation of District of Columbia Code § 22-4504(a)(1), the maximum penalties for this offense are: (1) a term in prison of not more than one year; (2) A fine of not more than $1,000; and, (3) an assessment of between $50 and $250 to the Crime Victims Compensation Fund.

Rev. 1/18/05 daj

D.C. Code. § 3-436. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

3. Your client and the Government agree that a sentence of **48 months** is the appropriate sentence for the offenses to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)© of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

4. Your client also consents to the administrative forfeiture, official use and/or destruction of the firearms and ammunition, U.S. Currency, drugs and all other items seized from your client's apartment at 772 Harvard Street, N.W., Washington, D.C., on July 27, 2005, by any law enforcement agency involved in the seizure of those items.

5. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. Section 3143, your client be detained without bond pending your client's sentencing in this case.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offenses to which your client is pleading guilty; the

right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

7. ~~Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter.~~ Although the Government will recommend a period of incarceration of **48 months** pursuant to the plea agreement, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

8. This Office will request that the Court dismiss the remaining counts in the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

General Conditions

9. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

10. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

11. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

*Kenneth L. Wainstein/DAJ*
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

*Anthony Scarpelli*
ANTHONY SCARPELLI
Assistant United States Attorney

### DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Anthony Martin, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 4-7-06

Mario Salvitierra Sahonero
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

     I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _06 APR 06_
         _07 APR 06_

_____
Anthony Martin, Esquire

## FACTUAL PROFFER

If this case had gone to trial the government would have proven the following, beyond a reasonable doubt:

In July of 2005, Metropolitan Police Department (MPD) officers developed credible information that illegal narcotics, specifically marijuana, were being sold from 772 Harvard Street, N.W., Washington, D.C. A few days before July 27, 2005, MPD officers utilized a confidential informant ("CI") in an effort to purchase drugs from inside 772 Harvard Street, N.W. The CI went to the front door of the residence, knocked on the door, and spoke to an occupant of the residence about purchasing marijuana. The CI gave the individual pre-recorded funds for the drug purchase. The individual told the CI he had to go to the basement to get the marijuana. The individual then exited the front door to the residence, and entered the basement area of the residence through a door below the first floor stairs. The individual returned a short time later with a quantity of marijuana, which he provided to the CI.

On July 27, 2005, MPD officers prepared an affidavit in support of search warrant for 772 Harvard Street, N.W., including the basement area. On that same day a District of Columbia Superior Court judge approved the issuance of a search warrant for 722 Harvard Street, N.W., including the basement area.

On July 28, 2005, MPD officers and Drug Enforcement Administration (DEA) agents prepared to execute the search warrant at 772 Harvard Street, N.W. At approximately 8:30 a.m., law enforcement officers were positioned at the rear of 772 Harvard Street, N.W., at the first-floor entrance of the residence, and at the basement door entrance. Officers knocked on the doors, identified themselves as police officers, and announced that they had a search warrant. There was no response. Officers waited approximately twenty seconds, and then forced open the first-floor door. Officers attempting to open the basement door were unable to immediately open the that door. Once the first-floor door was open, a pit bull dog charged the entry team, and one of the DEA agents shot and killed the dog. The bullet entered and exited the dog, went through the first floor, and ultimately was located in the basement area. Officers entered the first floor and detained two individuals. Another group of officers entered the basement and announced that he was a police officer. The officers was attired in clothing with the word "police" prominently displayed, and with his police badge visible. As the officer entered the basement area, the defendant was observed running from the kitchen area, into the back bedroom of the basement. Officer ordered the defendant to come from the back

Rev. 1/18/05 daj                                6

bedroom area of the basement. After several seconds the defendant walked out of the back bedroom, armed with a Raven .25 caliber semi-automatic handgun, loaded with eight rounds of ammunition. MPD Detective Allee Ramadhan, who was wearing an MPD windbreaker with the word "police" written on it, ordered the defendant to drop the weapon. The defendant refused to drop the weapon. Detective Ramadhan again ordered the defendant to drop the weapon. This time not only did the defendant not drop the weapon, he raised it towards Detective Ramadhan. Detective Ramadhan fired his service weapon at the defendant, striking him once in the lower abdomen.

The defendant was subsequently taken to Washington Hospital's Medstar Unit, where he was treated. Recovered from the basement of 772 Harvard Street, N.W. were the following items: a Raven .25 caliber semi-automatic handgun located in the hall of the basement; a Hi-Point 9 millimeter handgun recovered from inside a safe in the basement kitchen; a Davis Industries 9 millimeter handgun recovered from inside the night stand in the bedroom the defendant was observed exiting; approximately 1628 grams of marijuana in 116 bags (most of the marijuana was found in the basement area); and $6,680.00 in U.S. Currency, a money counter, two scales, and several documents containing the defendant's name on them.

### DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts as to my guilty plea to Assaulting, Resisting, or Impeding Certain Officer or Employees and Unlawfully Carrying a Pistol without a License. I have discussed this proffer fully with my attorney, Anthony Martin, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 4-7-06

Mario Salvitierra Sahonero
Defendant

# COUNT ONE
## Assaulting, Resisting, or Impeding Certain Officer or Employees
## 18 U.S.C. 111(b)

**ELEMENTS OF THE OFFENSE:**

1. The defendant "forcibly assaulted" Detective Allee Ramadhan (who was deputized as a federal officer);

2. That Det. Ramadhan was a federal officer engaged in the performance of an official duty;

3. The defendant acted knowingly and willfully; and

4. The defendant was armed with a deadly or dangerous weapon.

# COUNT TWO
## Unlawfully Carrying a Pistol without a License
## D.C. CODE § 22-4504(a)(1)

**ELEMENTS OF THE OFFENSE:**

1. The defendant carried a pistol openly or concealed on or about his person;

2. That the defendant carried the pistol knowing and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidently, or inadvertently;

3. That the pistol was operable; that is it would fire a bullet;

4. The defendant was not licensed to carry the pistol by the Chief of Police of the District of Columbia.