**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | **Case No:** 05-CR-0320 (RWR) |
| MARIO SALVATIERRA-SAHONERO, | : | |
| Defendant. | : | |

**SUPPLEMENTAL FILING TO THE DEFENDANT'S SENTENCING MEMORANDUM**

  Comes now the Defendant MARIO SALVATIERRA SAHONERO through counsel and submits the following for the court's consideration prior to his sentencing.

*Procedural Posture*

  Mr. Sahonero pled to the superseding information on April 7th, 2006.[1] The case was originally scheduled for sentencing on June 19th, 2006. Trial defense counsel is to submit a supplement to the sentencing memorandum on or before June 26th, 2006. The case is currently scheduled for sentencing on July 21st, 2006 at 4:00 pm.

*Background*

  During the Rule 32 hearing on June 19th, 2006, the trial judge questioned trial defense counsel regarding the accuracy of his statement in the sentencing memorandum that referred to Mr. Sahonero's exposure under counts three (3) and four (4) of the indictment. The issue is whether counsel was correct in stating that Mr. Sahonero faced a minimum mandatory term of

---

[1] Count 1 of the superseding information charges the defendant with assaulting a law enforcement officer in violation of 18 USC 111(a) and carries a maximum term of incarceration of twenty (20) years imprisonment.
Count 2 of the superseding information charges the defendant with a violation of the District of Columbia Code 22-4504(a); which carries a maximum term of incarceration of five (5) years.

incarceration of thirty-two (32) years if found guilty of both of the aforementioned charges. The court noted that the statement appeared in the sentencing memorandum without any legal support. The court was hesitated in part because the two gun counts occurred contemporaneously and grew out of a single incident. In other words, the court suggested that there was only one predicate offense for the two gun counts. The court further opined that Mr. Sahonero's exposure under the gun counts may only be twelve (12) years as opposed to thirty-two (32). Assuming the court is correct, defense counsel's calculation of a total exposure of fifty-seven (57) years, would be reduced to thirty two (32) years.

## *Discussion*

Congress has provided for severe penalties for the use and/or carrying of weapons in relation to drug trafficking offenses.[2] Despite the comments of former prosecutors and judges alike Congress has not seen fit to revisit the penalty provisions found at 18 USC 924. As a result of the government's citing two separate gun charges in the superseding indictment, (Atch 1) for

---

[2] (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime
  (i) be sentenced to a term of imprisonment of not less than 5 years;
  (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(B) If the firearm possessed by a person convicted of a violation….
  (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be ….
  sentenced to a term of imprisonment of not less than 30 years.
(C) In the case of a second or subsequent conviction under this subsection, the person shall -
  (i) be sentenced to a term of imprisonment of not less than 25 years; and

two different guns, trial defense counsel opined that Mr. Sahonero was facing a potential term of incarceration of no less than thirty-two years on the gun counts alone.

Several courts have had the occasion to consider consecutive sentences under §924(c)1, where the acts in question were contemporaneous or occurring with a single weapon. (*See, e.g. United States v. Davis,* 103 F.3d 660, (8th Cir. 1996)(two armed robberies occurring minutes apart with the same gun); *United States v . Casiano,* 113 F.3d 420 (3rd Cir. 1997)(consecutive sentence for use of same weapon in carjacking and kidnapping). However, this case is somewhat different from those in that there is only one underlying offense supporting the two gun counts.

Most courts, including the United States Court of Appeals for the District of Columbia Circuit, have concluded that one underlying predicate offense will not support consecutive sentences under §924(c)1. United States v. Anderson, , 59 F.3d 1323, 313 U.S.App.D.C. 335, (DC Cir. 1995), certiorari denied 116 S.Ct. 542, 516 U.S. 999, 133 L.Ed.2d 445; *United States v. Cappas,* 29 F.3d 1187, 1189 (7th Cir.1994) (citing cases); *United States v. Lindsay,* 985 F.2d 666, 673 (2d Cir.), *cert. denied,*510 U.S. 832, 114 S.Ct. 103, 126 L.Ed.2d 70 (1993); *United States v. Sims,* 975 F.2d 1225, 1233 (6th Cir.1992), *cert. denied,*514 U.S. 1042, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995); *United States v. Moore,* 958 F.2d 310, 312 (10th Cir.1992); *United States v. Hamilton,* 953 F.2d 1344, 1346 (11th Cir.1992); *United States v. Privette,* 947 F.2d 1259, 1262-63 (5th Cir.1991), *cert. denied,*503 U.S. 912, 112 S.Ct. 1279, 117 L.Ed.2d 505 (1992); *United States v. Fontanilla,* 849 F.2d 1257, 1258-59 (9th Cir.1988). Yet others have followed a different pilot of movement. (See, e.g., *United States v. Luskin,* 926 F.2d 372, 378 (4th Cir.), *cert. denied,*502 U.S. 815, 112 S.Ct. 68, 116 L.Ed.2d 43 (1991), determined that § 924(c)(1) could be employed to provide multiple convictions based on one predicate crime. *See also, United States v. Camps,* 32 F.3d 102, 107 (4th Cir.1994), *cert. denied,*513 U.S. 1158, 115 S.Ct. 1118, 130 L.Ed.2d 1082 (1995);

*United States v. Lucas,* 932 F.2d 1210 (8th Cir.1991). ( *United States v. Freisinger,* 937 F.2d 383 (8th Cir.1991), arguably cast some doubt upon *Lucas* for a time, but *Lucas* has since been expressly approved in *United States v. Edwards,* 994 F.2d 417 (8th Cir.1993), and *United States v. Mabry,* 3 F.3d 244 (8th Cir.1993)).

The *Anderson* Court noted that "the highest courts of two neighboring states have construed statutes similar to § 924(c)(1) to allow multiple firearm convictions in connection with a single related crime. In *Morris v. Commonwealth,* 228 Va. 206, 321 S.E.2d 633 (1984), the statute read: "It shall be unlawful for any person to use or attempt to use any ⋯ firearm ⋯ while committing or attempting to commit ⋯ [a violent felony]." Va.Code Ann. § 18.2-53.1. The defendant in that case shot and killed two people and was convicted of capital murder under a statute making it a crime to kill "more than one person." The court rejected the defendant's argument that he could be convicted of only one firearm violation per connected felony: "The defendant [ ] ⋯ killed two persons and, since the evidence shows he shot both his victims, ⋯ he committed a corresponding number of distinct firearms offenses in the commission of those killings." *Morris,* 321 S.E.2d at 636. In *Webb v. State,* 311 Md. 610, 536 A.2d 1161 (1988), the court distinguished a statute making in a crime to possess a gun from one prohibiting the "use [of] a handgun ⋯ in the commission of any felony." Md.Ann.Code art 27, § 36B(d). "The unit of prosecution is the crime of violence [i.e., the use of the gun as opposed to its possession].  This is so because the act prohibited by [the statute] 'is the use of the handgun⋯.' " *Webb,* 536 A.2d at 1165. No court in a state making it a separate crime to use a firearm during the commission of another offense has ruled that a defendant may be convicted of only one use per connected crime. The defendant was charged with and convicted of eight separate § 924(c)(1) violations appended to a single underlying charge of conspiracy to possess with intent to distribute cocaine base."

4

A survey of the case law revealed that trial counsel inaccurately calculated Mr. Sahonero's exposure. The calculation may well have been correct in a neighboring jurisdiction, but it does not appear to have any support in the District of Columbia Circuit. Hence, counsel is forwarding a copy of the supplement to the sentencing memorandum to Mr. Sahonero for further discussion on whether the calculated exposure of twelve (12) years on the gun count, as opposed to thirty-two (32) moves him to withdraw his plea.

                                        Respectfully submitted,
                                        ANTHONY D. MARTIN

By: _____
      Anthony D. Martin, Esquire
      BELLE POINT OFFICE PARK
      Belle Point Office Park
      7841 Belle Point Drive
      Greenbelt, MD 20770
    (301) 220-3700; (301) 220-0791