UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-320 (RWR) |
| : | |
| MARIO SALVATIERRA SAHONERO, : | |
| Defendant. : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Supplemental Memorandum in Aid of Sentencing in the above-referenced case.

## I.  Background

The above-captioned matter was scheduled for sentencing on June 19, 2006.  At the sentencing hearing the Court inquired of the parties as to whether the defendant could be sentenced to the enhanced penalty set forth in 18 U.S.C. Section 924(c)(1)(C), if he was found guilty at trial of the two counts of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense.  Both parties advised that the Court could sentence the defendant to the enhanced penalty in Section 924 (c)(1)( C), if he was convicted at trial.  The Court continued the sentencing for the parties to determine the maximum term of imprisonment the defendant could have been exposed to if convicted at trial.

## II.  Discussion

If the defendant was convicted at trial of Counts Three and Four of the indictment charging him with violating 18 U.S.C. Section 924(C), he would not have been exposed to the enhanced penalty enumerated in 18 U.S.C. Section 924(c)(1)(C).  The predicate offense which gives rise to

the Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense is Count Two - Unlawful Possession With the Intent to Distribute Cannabis. The Court may not sentence a defendant to the enhanced punishment where, as here, there are two weapons and only one predicate offense.

In <u>United States v. Anderson</u>, 59 F.3d 1323 (D.C. Cir. 1995)(en banc), the D.C. Circuit Court of Appeals addressed this issue. In <u>Anderson</u>, the defendant was convicted of four 18 U.S.C. Section 924(c) counts arising out of a drug distribution conspiracy. <u>Id.</u> at 1324. Although the four weapons in that case were used at different times during the drug conspiracy, the Court concluded "that only one § 924(c)(1) can be appended to any single predicate crime." <u>Id.</u> at 1328. The Court noted that "the predicate offense, not the firearm, is the object of the § 924(c)(1)." Therefore, the defendant could not be sentenced to the enhanced penalty set forth in Section 924(c)(1)(C).

    Respectfully submitted,

    KENETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    D.C. Bar No. 451058

    _____

By:    Anthony Scarpelli
    Assistant United States Attorney
    D.C. Bar No. 474711
    Organized Crime and Narcotics Section
    555 Fourth Street, N.W., Room 4816
    Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing pleading is to be served upon counsel for the defendant, Anthony Martin, Esquire, this 26th day of June, 2006.

                                                        Anthony Scarpelli
                                                        Assistant United States Attorney